RECORD NO. 15-4532

In The

# United States Court of Appeals
### For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

# DESHAWN DOZIER,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT BECKLEY

————————————

## BRIEF OF APPELLANT

————————————

**Christian M. Capece**
**Federal Public Defender**

**Jonathan D. Byrne**
**Research & Writing Specialist**

**Rachel E. Zimarowski**
**Assistant Federal Public Defender**
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**300 Virginia Street East, Room 3400**
**Charleston, West Virginia  25301**
**(304) 347-3350**

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... iii

STATEMENT OF JURISDICTION ........................................................................... 1

ISSUE FOR REVIEW .................................................................................................. 1

STATEMENT OF CASE............................................................................................... 1

    A.    Dozier sells crack cocaine to an undercover informant ............................ 1

    B.    Dozier is sentenced as a career offender based on a prior West Virginia conviction for attempt to commit a felony ................................. 2

SUMMARY OF ARGUMENT ..................................................................................... 5

ARGUMENT ................................................................................................................... 6

    The district court erred by employing the modified categorical approach to determine that Dozier's prior conviction for attempt to commit a felony was a controlled substance offense .......................................................... 6

        A.    Standard of Review........................................................................... 6

        B.    The analysis of whether a prior conviction qualifies a person for classification as a career offender is focused on the elements of the offense, not the facts underlying it ................. 6

        C.    The Supreme Court has strictly limited the modified categorical approach to situations where there are multiple elements that could satisfy an offense definition, not multiple means of satisfying a single broadly worded element ................................................................................................ 8

        D.    West Virginia's attempt to commit a felony statute is not divisible. The district court erred by applying the modified categorical approach when analyzing it .......................................... 11

i

CONCLUSION ............................................................................................................. 14

REQUEST FOR ORAL ARGUMENT....................................................................... 14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Descamps v. United States,*
    ___ U.S. ___, 133 S. Ct. 2276 (2013) ................................................................*passim*

*Shepard v. United States,*
    544 U.S. 13 (2005) ........................................................................................ 9, 12

*Taylor v. United States,*
    495 U.S. 575 (1990) ................................................................................... 7, 8, 12

*United States v. Carbrera-Umanzor,*
    728 F.3d 347 (4th Cir. 2013) ...................................................................... 10, 11

*United States v. Chavez,*
    660 F.3d 1215 (10th Cir. 2011) ......................................................................... 13

*United States v. Gomez,*
    690 F.3d 194 (4th Cir. 2012) .............................................................................. 8

*United States v. Headspeth,*
    852 F.2d 753 (4th Cir. 1988) .............................................................................. 7

*United States v. Jenkins,*
    631 F.3d 680 (4th Cir. 2011) .............................................................................. 6

*United States v. Montes-Flores,*
    736 F.3d 357 (4th Cir. 2013) .............................................................................. 7

## STATUTES

18 U.S.C. § 924(e) ...................................................................................................... 7

18 U.S.C. § 3231 ........................................................................................................ 1

18 U.S.C. § 3742 ........................................................................................................ 1

21 U.S.C. § 841(a)(1) ........................................................................... 1, 14

28 U.S.C. § 1291 ....................................................................................... 1

Ca. Penal Code § 459 ............................................................................... 8

W. W.Va Va. Code § 61-11-8 ................................................................. 11

**RULES**

Fed. R. App. P. 34(a) ............................................................................. 14

**GUIDELINES**

U.S.S.G. § 2L1.2 .................................................................................... 10

U.S.S.G. § 4A1.1(a) ................................................................................. 6

U.S.S.G. § 4A1.2(b) ................................................................................. 3

U.S.S.G. § 4B1.1(a)(3) ............................................................................. 6

U.S.S.G. § 4B1.2 ...................................................................................... 7

U.S.S.G. § 4B1.2(b) ........................................................................... 1, 6-7

## STATEMENT OF JURISDICTION

On April 8, 2015, an information was filed in the Southern District of West Virginia charging Deshawn Dozier ("Dozier") with distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). J.A. 5. Because that charge constitutes an offense against the United States, the district court had original jurisdiction pursuant to 18 U.S.C. § 3231. This is an appeal from the final judgment and sentence imposed after Dozier pleaded guilty to the information. J.A. 7-10. A judgment order was entered on August 14, 2015. J.A. 53. Dozier timely filed a notice of appeal on August 28, 2015. J.A. 28. The United States Court of Appeals for the Fourth Circuit has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## ISSUE FOR REVIEW

Whether  the district court erred by using the modified categorical approach to determine whether Dozier's prior West Virginia conviction for attempt to commit a felony qualified as a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

## STATEMENT OF CASE

This case centers not on Dozier's instant offense of conviction, but on a 2008 West Virginia conviction for attempt to commit a felony. The district court concluded that conviction qualified Dozier as a career offender and sentenced him accordingly.

### A.     Dozier sells crack cocaine to an undercover informant.

A cooperating source purchased crack cocaine from Dozier twice in a period of just over two weeks. Each purchase was for $40 of crack cocaine, each less than half a

gram. J.A. PSR 3-4. A week after the second purchase, officers searched Dozier's

home, finding $1829 in cash and two handguns. J.A. 63.

Dozier was charged by information with one count of distribution of crack

cocaine. J.A. 5. On April 22, 2015, Dozier waived his right to proceed by indictment

and pleaded guilty to that offense. J.A. 6-10.

### B.    Dozier is sentenced as a career offender based on a prior West Virginia conviction for attempt to commit a felony.

After Dozier's guilty plea, a Presentence Investigation Report ("PSR") was

prepared to assist the district court at sentencing. J.A. 60-84. The probation officer

calculated the total relevant conduct attributable to Dozier, including both controlled

purchases and the cash found in his home, to be 18.29 grams of crack cocaine. J.A.

64. That produced a base offense level of 20, to which the probation officer

recommended a two-level enhancement for possession of a firearm. However, the

probation officer also concluded that Dozier qualified as a career offender, boosting

his offense level to 32. J.A. 65. With a three-level reduction for acceptance of

responsibility, Dozier's final offense level was 29. J.A. 65-66. The probation officer

recommended that Dozier's Criminal History Category would be V, but for the career

offender designation, which increased it to VI. J.A. 70-71. As a result, the advisory

Guideline range for Dozier was 151 to 188 months in prison. J.A. 77.

The probation officer identified two prior West Virginia convictions that made

Dozier a career offender, both because they were "controlled substance offenses" as

defined by U.S.S.G. § 4A1.2(b). J.A. 65. One was a 2001 conviction for delivery of a controlled substance. J.A. 66-67. The other was a 2007 conviction for "attempt to commit a felony." J.A. 69.

Dozier objected to the calculations in the PSR. First, he objected to the calculation of relevant conduct, particularly to the conversion ratio used by the probation officer to convert the cash found in Dozier's home to an equivalent amount of crack cocaine. A proper conversion rate would have made the base offense level 16. J.A. 81. Second, Dozier argued that he was incorrectly designated as a career offender because his 2007 attempt to commit a felony conviction was not categorically a controlled substance offense. J.A. 81-82. In response, the probation officer stated that the modified categorical approach "may be employed . . . [i]f necessary to establish the offense of conviction." J.A. 82. Similarly, additional documents can be consulted if "the statute alone . . . does not establish whether the offense of conviction" counts as a predicate offense. *Ibid.* If Dozier's objections were sustained, he argued that the proper Guideline range would be 37 to 46 months. J.A. 83. The Government did not have any objection to the calculations in the PSR. J.A. 81.

Both parties filed memoranda prior to sentencing. J.A. 11-22. In its memorandum, the Government argued that the calculations in the PSR were correct, including the career offender designation. J.A. 11. The Government argued that it was "not in dispute" that Dozier's conviction was for an attempt to commit a controlled

substance offense and that the state court "necessarily considered the elements of the underlying drug crime." J.A. 12. The Government had no objection to using Dozier's metric for converting the cash to crack cocaine, but noted that the issue was moot because of the career offender designation. J.A. 12, fn. 1.  In his memorandum, Dozier argued that the categorical approach, rather than the more wide ranging modified categorical approach, was the proper means to determine whether his attempt to commit a felony conviction was a controlled substance offense. J.A. 16. The modified categorical approach was not appropriate because the West Virginia attempt statute was an indivisible statute and there were no alternate elements to the offense which needed to be examined. J.A. 17-18. Because attempt to commit a felony was not categorically a controlled substance offense, Dozier could not be classified as a career offender. J.A. 18.

Sentencing took place on August 13, 2015. J.A. 23-52. The district court, based on the Government's concession, upheld Dozier's objection to the rate of conversion of cash to crack cocaine, before moving on to the career offender objection. J.A. 27. Dozier reiterated his argument that attempt to commit a felony was not categorically a controlled substance offense, arguing that "the statute itself incorporates a basically unlimited universe of conduct that would qualify." J.A. 28. The Government countered that "you would look beyond simply the attempt statute to the elements . . . of the underlying crime" as was done in the PSR. J.A. 29. Dozier argued that the court

could only consider such documents if the statute was divisible, which the attempt to commit a felony statute was not. *Ibid.*

The district court overruled Dozier's objection. It concluded that "the Court should apply the modified categorical approach when faced with this particular West Virginia statute" and that when examining the proper documents "the Court readily concludes that the defendant qualifies as a career offender." J.A. 30. The district court went on to explain that the statue was "somewhat divisible in that one is unable to determine whether they have committed a felony or committed a misdemeanor unless you go, look further to determine whether the underlying offense . . . is punishable by a certain amount." J.A. 31. Because it is "impossible to determine the defendant's punishment without looking to the underlying offense . . . I find that that necessitates the modified categorical approach." *Ibid.*

The district court adopted the advisory Guideline range calculated in the PSR. J.A. 38. It then imposed a sentence of 151 months in prison, followed by a three-year term of supervised release. J.A. 46.

## SUMMARY OF ARGUMENT

The district court erred by employing the modified categorical approach to determine that Dozier qualified as a career offender. The statute defining Dozier's prior offense, attempt to commit a felony, is indivisible and thus only subject to analysis using the categorical approach. The district court's reliance on documents beyond the fact of conviction and the statute itself was improper. As a result, Dozier

5

was improperly classified as a career offender and received a sentence at the bottom of the resulting advisory Guideline range. This Court should vacate Dozier's sentence.

## ARGUMENT

**The district court erred by employing the modified categorical approach to determine that Dozier's prior conviction for attempt to commit a felony was a controlled substance offense.**

### A.      Standard of Review

Whether a prior conviction is a predicate for career offender purposes is an issue of law this Court reviews *de novo*. *United States v. Jenkins*, 631 F.3d 680, 682 (4th Cir. 2011).

### B.      The analysis of whether a prior conviction qualifies a person for classification as a career offender is focused on the elements of the offense, not the facts underlying it.

A defendant is subject to classification as a career offender, and a greatly increased advisory Guideline range, if he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3).[1] A "controlled substance offense" is defined as an offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G.

---

[1] The other two requirements for career offender status are not at issue in this case. U.S.S.G. § 4A1.1(a).

6

§ 4B1.2(b). That definition also includes "aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, comment. (n.1).

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court set forth the method by which courts should analyze prior offenses to determine if they trigger certain sentencing enhancements.[2] After setting forth a definition of "generic" burglary for sentencing enhancement purposes, the Supreme Court moved on to examine how to apply that definition to various state offenses. *Id.* at 590-599. The Court thus had "to address a more general issue – whether the sentencing court . . . must look only to the statutory definitions of the prior offenses, or whether the court may consider other evidence concerning the defendant's prior crimes." *Id.* at 600. It noted that most courts had adopted a "categorical" approach that looks "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Ibid*, citing *United States v. Headspeth*, 852 F.2d 753, 758-759 (4ᵗʰ Cir. 1988). Among other reasons, the Court adopted that approach because "the practical difficulties and potential unfairness of a factual approach are daunting." *Id.* at 601. Thus, the categorical approach "generally requires the trial court to look ***only to the fact of conviction and the statutory definition of the prior offense***." *Id.* at 602 (emphasis added).

---

[2] Although *Taylor* involved a predicate offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), courts have used the same analysis for career offender predicates, given the similarity between the two provisions. *United States v. Montes-Flores*, 736 F.3d 357, 363 (4ᵗʰ Cir. 2013).

**C.    The Supreme Court has strictly limited the modified categorical approach to situations where there are multiple elements that could satisfy an offense definition, not multiple means of satisfying a single broadly worded element.**

The Court in *Taylor* suggested that there would be limited situations where a broader approach would be appropriate. *Taylor*, 495 U.S. at 602. This gave way to a "modified categorical approach," which allowed a more free ranging analysis. See, e.g., *United States v. Gomez*, 690 F.3d 194, 198 (4th Cir. 2012). The Supreme Court confronted the modified categorical approach, and stressed its limited scope, in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013).

Like *Taylor*, *Descamps* involved the proper analysis of a state burglary conviction. Descamps argued that the elements of his prior California burglary offense were broader than the elements of the generic offense set forth in *Taylor*. The district court applied a "modified categorical approach" that "permitted it to examine certain documents" to discover whether Descamps had admitted the elements of generic burglary. *Descamps*, 133 S. Ct. at 2282. The district court found that he did. On appeal, an *en banc* Ninth Circuit agreed, holding that "when a sentencing court considers a conviction under § 459 – or any other statute that is 'categorically broader than the generic offense' – the court may scrutinize certain documents to determine the factual basis of the conviction." *Id.* at 2282-2283. The Supreme Court reversed and explained that "the modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the

8

alternative, renders opaque which element played a part in the defendant's conviction." *Id.* at 2283. It was not appropriate to use the modified approach when analyzing Descamps's conviction because "that state law defines burglary not alternatively, but only more broadly than the generic offense." *Ibid.*

The modified categorical approach is limited to situations where "the statute is 'divisible' – *i.e.*, comprises multiple, alternative versions of the crime." *Descamps*, 133 S. Ct. at 2284. That review has a "narrow scope" and is "not to determine 'what the defendant and state judge must have understood as the factual basis of the prior plea,' but only to assess whether the plea was to the version of the crime" that matched the generic offense. *Ibid*, quoting *Shepard v. United States*, 544 U.S. 13, 25-26 (2005). Thus, the "modified categorical approach that we have approved permits a court to determine which statutory phrase was the basis for the conviction." *Id.* at 2285 (internal quotation and citation omitted). It applies only "when a statute lists multiple, alternative elements, and so effectively creates several different . . . crimes." *Ibid* (internal quotation and citation omitted). The "modified categorical approach thus has no role to play in this case" because it "authorize[s] review of the plea colloquy or other approved extra-statutory documents only when a statute defines burglary not (as here) overbroadly, but instead alternatively, with one statutory phrase corresponding to the generic crime and another not." *Id.* at 2285-2286.

In reaching that conclusion, the Court explicitly rejected the approach employed by the *en banc* Ninth Circuit. The Ninth Circuit had "dismiss[ed] everything

we have said on the subject" and applied a "modified categorical approach" that "could turn a conviction under *any* statute into an ACCA predicate offense." *Descamps*, 133 S. Ct. at 2286. Such an approach, contrary to *Taylor*, "turns an elements-based inquiry into an evidence-based one." *Id.* at 2287. The Supreme Court also rejected the Ninth Circuit's conclusion that the difference between divisible and indivisible statutes was merely "conceptual" and was based on whether a statute explicitly listed alternate means of commission or an implied list. *Id.* at 2289-2290.

This Court expanded on the limited role of the modified categorical approach in *United States v. Carbrera-Umanzor*, 728 F.3d 347 (4th Cir. 2013). In that case the defendant's sentence under the illegal reentry Guideline, U.S.S.G. § 2L1.2, was increased because of a prior conviction for child abuse was determined to be a "crime of violence." The district court had reached that conclusion by applying a modified categorical approach. This Court held that only the categorical approach was appropriate and reversed. *Id.* at 349. Relying on *Descamps*, this Court noted that "where the statute defines the offense broadly rather than alternatively, the statute is not divisible, and the modified categorical approach has no role to play." *Carbrera-Umanzor*, 728 F.3d at 350 (internal quotation marks omitted). Because the statute at issue in that case was not divisible, "the question becomes whether a conviction . . . is, as a categorical matter, a crime of violence." *Id.* at 354. The "point of the categorical inquiry is not to determine whether the defendant's conduct could support a conviction for a crime of violence, but to determine whether the defendant was in

fact convicted of a crime that qualifies as a crime of violence." *Id.* at 350. In a situation where "the statute defines the offense broadly rather than alternatively, the statute is not divisible, and the modified categorical approach simply 'has no role to play.'" *Ibid*, quoting *Descamps*, 133 S. Ct. at 2285.

### D. West Virginia's attempt to commit a felony statute is not divisible. The district court erred by applying the modified categorical approach when analyzing it.

In 2008, Dozier was convicted of the West Virginia offense of attempt to commit a felony. J.A. 69. The statute provides that "[e]very person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows," and lays out separate punishments based on whether the attempted offense is a felony or misdemeanor. W. Va. Code § 61-11-8. As with the statutes in *Descamps* and *Carbrera-Umanzor*, the West Virginia attempt statute lays out an offense with a single set of elements that could be satisfied in multiple ways. It does not provide a list of alternative elements. Its sweep is broad, encompassing any "offense," and could therefore include offenses that qualify as a controlled substance offense and those that do not. Therefore, the statute is not divisible and the district court erred by looking beyond the language of the statute itself to determine whether Dozier's conviction was a controlled substance offense. Because § 61-11-8 sweeps so broadly and covers offenses beyond those that would be defined as controlled substance offenses, a conviction for violating it cannot itself serve as a controlled substance offense triggering career offender status. See

11

*Taylor*, 495 U.S. at 599-602 (burglary offenses with elements broader than generic definition are not categorically violent felonies). The probation officer and district court erred by concluding otherwise.

The probation officer fell into the same analysis as the *en banc* Ninth Circuit in *Descamps* that the Supreme Court specifically rejected. In response to Dozier's objection, she wrote that the modified categorical approach "may be employed . . . [i]f necessary to establish the offense of conviction." J.A. 82. Similarly, additional documents can be consulted if "the statute alone . . . does not establish whether the offense of conviction" counts as a predicate offense. *Ibid*. The probation officer's approach allows the examination of *Shepard* documents in any case where the statute being reviewed is ambiguous. That is the approach of the Ninth Circuit that the Supreme Court rejected, noting that it would "turn[] an elements-based inquiry into an evidence-based one." *Descamps*, 133 S. Ct. at 2287. Without resort to those documents, there is no means to determine the nature of the offense that Dozier attempted to commit.

The district court's focus was similarly flawed. It held that that the statue was "somewhat divisible in that one is unable to determine whether they have committed a felony or committed a misdemeanor unless you go, look further to determine whether the underlying offense . . . is punishable by a certain amount." J.A. 31. Because it is "impossible to determine the defendant's punishment without looking to the underlying offense . . . I find that that necessitates the modified categorical

approach." *Ibid.* Even if the district court is correct, its analysis can only go so far as

determining whether the prior offense was a felony or misdemeanor. That a statute

may be "somewhat divisible" in one way does not provide the district court with

license to perform a wide ranging review of the record. Once the district court

answered the question presented by the arguably divisible part of the statute – the

punishment – the modified categorical approach should have been complete.[3]

The Government relied on *United States v. Chavez,* 660 F.3d 1215 (10th Cir.

2011), below, but that decision sheds no light on the issue in this case. Chavez was

convicted of a drug offense and sentenced as a career offender. *Id.* at 12-17-1218.

Chavez objected to the career offender determination, arguing that a prior conviction

for "attempted drug trafficking" was not a controlled substance offense. *Id.* at 1220.

However, he posited that no attempt offense could be counted under that definition,

arguing that the Sentencing Commission "exceeded its statutory authority by

including attempts to commit drug crimes as offenses that trigger application of career

offender status." *Id.* at 1226. The Tenth Circuit easily disposed with that argument. *Id.*

at 1226-1228.

*Chavez* gives the Government no aid because Dozier never argued that attempts

could not be career offender predicate offenses. Indeed, if Dozier had sustained his

attempt conviction in a system similar to the federal one, that treats attempts with the

---

[3] In addition, there was no need to address the issue of punishment. Dozier never
denied he was convicted of a felony in 2008, only that it did not qualify as a controlled
substance offense.

same severity as the substantive offense, there would be no argument that such a conviction would qualify as a controlled substance offense. See, 21 U.S.C. § 841(a)(1). But Dozier's conviction was sustained under a general attempt statute that is overbroad and indivisible because the statutory language is not couched in terms of alternate elements. Furthermore, it is a statute that treats attempts as less severe than their substantive counterparts and was enacted at least two decades before the Guidelines came into effect. That it does not match the Guideline definition of controlled substance offense is hardly surprising.

## CONCLUSION

The district court erred by employing a modified categorical approach to determine whether Dozier's conviction for attempt to commit a felony, an indivisible statute, was a controlled substance offense. As a result, Dozier was improperly classified as a career offender and sentenced to the bottom of the resulting advisory Guideline range, which was three times higher than the Guidelines would otherwise recommend. This Court should vacate his sentence and remand for resentencing.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 34(a) of the Federal Rules of Appellate Procedure, Dozier requests oral argument. To his knowledge no panel of this Court has yet addressed the particular issue raised in this case. Furthermore, no other Court of Appeals has addressed the issue involving a similar statute. Full argument would be beneficial in assisting the Court when making its decision.

Respectfully submitted,

**DESHAWN DOZIER**
By Counsel

**CHRISTIAN M. CAPECE**
**FEDERAL PUBLIC DEFENDER**

/s/ Jonathan D. Byrne
Jonathan D. Byrne
Research & Writing Specialist
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia 25301
E-mail: jonathan_byrne@fd.org


/s/ Rachel E. Zimarowski
Rachel E. Zimarowski
Assistant Federal Public Defender
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia 25301
E-mail: Rachel_zimarowski@fd.org

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,549*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Garamond*]; *or*

[   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>October 29, 2015</u>      <u>/s/ Jonathan D. Byrne</u>
                                       *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 29th day of October, 2015, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

> R. Booth Goodwin II
> United States Attorney
>
> Miller A. Bushong, III
> Assistant United States Attorney
> OFFICE OF THE U.S. ATTORNEY
> 110 North Heber Street, Room 261
> Beckley, West Virginia  25801
> (304) 253-6722
>
> *Counsel for Appellee*

I further certify that on this 29th day of October, 2015, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of

the Court and a copy of the Brief of Appellant and Joint Appendix to be served, via

UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Jonathan D. Byrne
*Counsel for Appellant*
