No. 15-4532

IN THE

# UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                                               Appellee,

v.

DESHAWN DOZIER,

                                               Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

_____

BRIEF OF APPELLEE THE UNITED STATES OF AMERICA

_____

CAROL A. CASTO
Acting United States Attorney

Miller Bushong
Assistant United States Attorney
110 North Heber Street
Beckley, West Virginia 25801
(304) 253-6722

COUNSEL FOR APPELLEE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF JURISDICTION .................................................................... 1

ISSUE PRESENTED FOR REVIEW .................................................................. 1

STATEMENT OF THE CASE ............................................................................. 1

SUMMARY OF ARGUMENT ............................................................................ 6

ARGUMENT

      THE DISTRICT COURT DID NOT ERR BY ANANLYZING WEST VIRGINIA'S ATTEMPT STATUTE USING THE MODIFIED CATEGORICAL APPROACH ...................................... 7

CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Apprendi v. New Jersey,*
   530 U.S. 466 (2000) ............................................................................... 9, 10

*Descamps v. United States,*
   133 S. Ct. 2276 (2013) ............................................................................ 8-10

*Shepard v. United States,*
   544 U.S. 13 (2005) ............................................................................... passim

*State v. Minigh,*
   680 S.E.2d 127 (W. Va. 2009) ..................................................................... 10

*Taylor v. United States,*
   495 U.S. 575 (1990) .................................................................................. 7, 8

*United States v. Cabrera-Umanzor,*
   728 F.3d 347 (4th Cir. 2013) ......................................................................... 4

*United States v. Headspeth,*
   852 F.2d 753 (4th Cir. 1988) ......................................................................... 7

*United States v. Jenkins,*
   631 F.3d 680 (4th Cir. 2011) ......................................................................... 7

**FEDERAL CONSTITUTIONAL PROVISIONS AND STATUTES**

U.S. CONST. amend. VI ..................................................................................... 9

Title 18, United States Code, Section 3231 ........................................................ 1

Title 18, United States Code, Section 3742 ........................................................ 1

Title 21, United States Code, Section 841(a)(1) ............................................................. 1

Title 28, United States Code, Section 1291 ................................................................... 1

**STATE STATUTES**

W. Va. Code § 61-11-8 ................................................................................... 3, 4, 10

W. Va. Code § 61-11-8(2) ...................................................................................... 3

**OTHER**

United States Sentencing Commission,
    *Guidelines Manual*, 3E1.1 (Nov. 2014) ........................................................ 6

United States Sentencing Commission,
    *Guidelines Manual*, 4B1.1 (Nov. 2014) ........................................................ 5

United States Sentencing Commission,
    *Guidelines Manual*, 4B1.1(b) (Nov. 2014) ................................................... 6

United States Sentencing Commission,
    *Guidelines Manual*, 4B1.2 comment. (n.2) (Nov. 2014) ............................ 5

## STATEMENT OF JURISDICTION

On April 8, 2015, appellant Deshawn Dozier (hereinafter "defendant") was charged by information with a violation of 21 U.S.C. § 841(a)(1) (distribution of a quantity of cocaine base), a crime against the United States, thus conferring jurisdiction on the district court under 18 U.S.C. § 3231. J.A. 5.[1] On April 22, 2015, defendant pled guilty. J.A. 7. The district court imposed sentence on August 13, 2015, and entered final judgment on August 14, 2015. J.A. 23, 53. Defendant filed a timely notice of appeal on August 28, 2015. J.A. 59. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## ISSUE PRESENTED FOR REVIEW

WHETHER THE DISTRICT COURT ERRED BY ANALYZING WEST VIRGINIA'S ATTEMPT STATUTE USING THE MODIFIED CATEGORICAL APPROACH.

## STATEMENT OF THE CASE

On October 30, 2014, a confidential informant working with law enforcement officers purchased a quantity of cocaine base from defendant. J.A. 63. On April 8, 2015, defendant was charged by information with a violation of 21 U.S.C. § 841(a)(1), the focus of which was the above-referenced controlled buy. J.A.

---

[1] References to the Joint Appendix shall be designated as "J.A. ____."

1

5.  On April 22, 2015, defendant pled guilty to the information, and he did so without a plea agreement.  J.A. 7.

On August 13, 2015, defendant appeared for sentencing.  J.A. 23.  The presentence report classified defendant as a career offender.  J.A. 65.  The career offender enhancement applied because at the time of the instant conviction, defendant was at least 18 years old, the instant offense of conviction was a felony controlled substance offense, and defendant had been previously convicted of two prior controlled substance felonies.  J.A. 65.  Defendant's two prior predicate felony convictions were: (1) 2001 Raleigh County Circuit Court Case Number 01-IF-27-K (delivery of a controlled substance – "crack" cocaine); and (2) 2008 Raleigh County Circuit Court Case Number 08-F-169-B (attempt to commit a felony, to wit: distribution of a controlled substance – cocaine).  J.A. 65-66; 69.

Defendant objected to career offender status, arguing that the second of his predicate felony convictions should not count toward the chapter four enhancement.  J.A. 28-30.  Specifically, defendant argued that his 2008 conviction in Raleigh County, West Virginia, case number 08-F-169-B, for attempt to commit a felony is not divisible and, as such, the district court must evaluate it for purposes of the career offender guideline using the categorical approach, and when so analyzed would not count as a controlled substance offense.  J.A. 27, 30.

2

The district court overruled defendant's objection, finding that he was a career offender. J.A. 30. Specifically, the district court found that West Virginia's attempt statute, W. Va. Code § 61-11-8, is divisible and thus reviewable using the modified categorical approach and when so analyzed does, in fact, count as a triggering controlled substance offense. J.A. 31.

The district court made the following finding:

> I find that it – the Court should apply the modified categorical approach when faced with this particular West Virginia statute.
>
> When looking to the *Shepard*-approved documents,[2] the Court readily concludes that the defendant qualifies as a career offender. The state statute that's at issue here, or West Virginia 61-11-8, states that, and I quote, "Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows:"
>
> And I'll go to Section (2) under that. "If the offense attempted be punishable by imprisonment in the penitentiary for a term less than life, such person shall be guilty of a felony, and upon conviction, shall, in the discretion of the Court, either be imprisoned in the penitentiary for not less than one nor more than three years, or be confined in jail not less than six nor more than twelve months, and fined not exceeding $500."
>
> I find to that extent, Ms. Zimarowski, that it is – and I'll put other reasons on the record – somewhat

---

[2] *Shepard v. United States*, 544 U.S. 13 (2005). *Shepard* permits a court to review certain documents in the underlying case that might help the court determine the nature of the conviction; such documents include the charging document, the plea agreement, and sentencing and judgment orders.

3

divisible in that one is unable to determine whether they have committed a felony or committed a misdemeanor unless you go, look further to determine whether the underlying offense that's attempted is punishable by a certain amount. And that's specifically laid out in the statute.

It's impossible to determine the defendant's punishment without looking to the underlying offense. And, therefore, I find that that necessitates the modified categorical approach.

As the Fourth Circuit stated in *Cabrera*[3], that approach, the categorical approach focuses on the elements of the prior offense rather than the conduct.

Here the West Virginia statute does not define the offense broadly. Instead, it defines and categorizes the offense based on the underlying offense attempted. In other words, there's no way to determine the classification or the punishment, classification meaning felony or misdemeanor, or the punishment of attempt under 61-11-8 without reference to the underlying offense. And, therefore, the defendant could not plead to a violation of West Virginia 61-11-8 without pleading to the nature of the attempted offense.

With that in mind, I've reviewed the *Shepard*-approved documents as indicated in the case law, including the charging document, the terms of any plea agreement, or a transcript of a colloquy between the judge and the defendant at the time the plea was confirmed, or some other comparable judicial record.

This defendant was charged by indictment in Raleigh County and it alleged that he did unlawfully, knowingly, intentionally, and feloniously deliver to another person a quantity of cocaine – excuse me – a

---

[3] *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013)

4

Schedule II narcotic controlled substance on May 14th, 2008. That was the charge in the indictment.

Thereafter, on June the 24th, 2008, the defendant executed a four-page plea of guilty where he acknowledged that he had been accused of distribution of a controlled substance, to-wit: cocaine, and desired to enter a plea of guilty to the offense of attempt to commit a felony, a provable offense as contained in said indictment.

And I put all of that in quotes coming directly from his plea of guilty.

The Court accepted his plea and he was adjudged guilty by the court's written order of, and I quote attempt to commit a felony, to-wit: distribution of a controlled substance – cocaine.

Subsequently on August the 29th, 2008, the Court sentenced the defendant to an indeterminate term of not less than one nor more than three years in the penitentiary, quote, pursuant to his plea of guilty to attempt to commit a felony, to-wit: distribution of a controlled substance – cocaine, end of quote.

It follows from these documents that the defendant's prior conviction therefore qualified as an applicable controlled substance offense with regard to the career offender enhancement.

Further, 4B1.2, the comment under Note 2, states that, "In determining whether an offense is a crime of violence or controlled substance for the purposes of 4B1.1, the offense of conviction is the focus of the inquiry."

And here I find, based on my review of the documents, having found that the modified categorical approach is appropriate, the defendant was convicted for attempting to distribute cocaine and the applicable punishment was not less than one year.

5

> And for those reasons, I overrule the defendant's objection and an exception is preserved for him.

J.A. 30-33.

Thus, pursuant to USSG §4B1.1(b), defendant's base offense level became 32. J.A. 65. Defendant qualified for a three-point acceptance of responsibility reduction under USSG §3E1.1, and his total offense level was 29. J.A. 65-66. As a career offender, defendant's criminal history category was VI, and his advisory guideline range was 151-188 months. J.A. 70-71, 77.

The district court sentenced defendant at the bottom of the advisory guideline range, imposing a 151-month term of imprisonment to be followed by a three-year term of supervised release. J.A. 89. The district court imposed no fine. J.A. 85.

The final judgment order was entered August 14, 2015. J.A. 53. Defendant filed a timely notice of appeal. J.A. 59.

The only issue presented on appeal is whether the district court erred by analyzing West Virginia's attempt statute using the modified categorical approach.

## SUMMARY OF ARGUMENT

West Virginia's attempt statute is divisible. It expressly defines more than one offense. Specifically, it defines felony offenses on the one hand, and defines misdemeanor offenses on the other. If the attempted offense is punishable by imprisonment for a term less than life, then the offense is a felony; if the attempted

6

offense is punishable by confinement in jail, then the offense is a misdemeanor. As such, the district court's modified categorical review was proper, and its finding that defendant's 2008 Raleigh County conviction for attempt was a triggering conviction for career offender status was proper.

## ARGUMENT

**THE DISTRICT COURT DID NOT ERR BY ANALYZING WEST VIRGINIA'S ATTEMPT STATUTE USING THE MODIFIED CATEGORICAL APPROACH**

### A.    STANDARD OF REVIEW

Whether a defendant's prior conviction is one triggering career offender status is an issue of law reviewed *de novo*. *United States v. Jenkins*, 631 F.3d 680, 682 (4th Cir. 2011).

### B.    DISCUSSION

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court adopted the "categorical approach" for analyzing predicate offenses which could trigger certain sentencing enhancements. The categorical approach requires the sentencing court to look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600, *citing United States v. Headspeth*, 852 F.2d 753, 758-59 (4th Cir. 1988). The categorical approach avoids

7

the "practical difficulties and potential unfairness" of a factual approach. *Taylor*, 495 U.S. at 601. Thus, the categorical approach "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602.

In 2013, the Supreme Court decided *Descamps v. United States*, 133 S. Ct. 2276 (2013). It represents the high court's most recent treatment of the categorical approach (consideration of the elements of a prior potentially triggering conviction, rather than the underlying facts of the conviction). In *Descamps* the Court reversed both the trial court and the appeals court which had held that the California burglary statute at issue was "categorically broader than the generic offense [of burglary]," and as such, it was appropriate to use the modified categorical approach, and thereby "scrutinize certain documents to determine the factual basis of conviction." *Id.* at 2282-83. The documents referred to are known as *Shepard* documents.

In *Shepard*[4], the burglary statute at issue there covered entries into boats and cars as well as into buildings. The Court held that a trial court, when confronted with this type of statute (one that criminalized the generic version – burglary of

---

[4] *Shepard v. United States*, 544 U.S. 13 (2005).

8

buildings, and also covered non-generic versions – burglary of boats and cars), could consult a limited range of documents to determine whether the defendant had burglarized a boat, car, or building. If defendant in *Shepard* had burglarized a building then he had been convicted of generic burglary, and the prior conviction could count for triggering a predicate offense. This limited class of documents became known as *Shepard* documents and include the charging document, the plea agreement, and sentencing documents. Such review is known as the modified categorical approach.

One of the holdings of *Descamps* is the importance of a statute's divisibility. *Descamps* holds that use of the modified categorical approach, and thus *Shepard* documents, is limited to divisible statutes. A statute is divisible if it "comprises multiple, alternative versions of the crime." *Descamps*, 133 S. Ct. at 2284. The Court's focus in this regard was *Apprendi*[5] and its Sixth Amendment protections. Modified categorical review of divisible statutes comports with *Apprendi* because "only divisible statutes enable a sentencing court to conclude that a jury (or judge at a plea hearing) has convicted the defendant of every element of the generic crime." *Descamps*, 133 S. Ct. at 2290. Indivisible statutes, on the other hand, do not

---

[5] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

9

necessarily guarantee that a defendant was convicted pursuant to a statutory alternative element falling within the generic version of the offense. Thus, such statutes run afoul of *Apprendi*.

So, the straightforward issue at hand is whether the district court correctly found that West Virginia's attempt statute is divisible and, as such, subject to modified categorical review. The elements of attempt are: "(1) a specific intent to commit the underlying statutory crime; and (2) an overt act toward commission of that crime, which falls short of completing the underlying crime." *State v. Minigh*, 680 S.E.2d 127, 135-136 (W. Va. 2009).

This general attempt statute is, as the district court held, not defined broadly, but "instead [is defined] based on the underlying offense attempted. In other words, there's no way to determine the classification or the punishment . . . without reference to the underlying offense." J.A. 31-32. Almost by definition, an attempt statute is divisible because it "comprises multiple, alternative versions of the crime." *Descamps*, 133 S. Ct. at 2284.

Defendant consistently refers to W. Va. Code § 61-11-8 as an "attempt to commit a felony" statute. Df. Br. 1, 3, 5, 6, 11, 14. This is not correct. It is a general attempt statute that may be violated with felonious conduct or something

10

short of that, but in any event requires that the underlying conduct be identified. The district court properly turned to *Shepard* approved documents to determine that the underlying conduct was a felony drug crime. As such, it was properly used to trigger the career offender enhancement.

Finally, defendant concedes in his brief that the attempt statute at issue is "arguably" divisible. Df. Br. 13. However, defendant argues that "once the district court answered the question presented by the arguably divisible part of the statute" it should have rendered "complete" its modified categorical approach and looked no further. *Id.* This simply is not the law. The district court was required to determine whether the conviction was a triggering conviction, and the analysis by which the court made that determination was the modified categorical approach of a divisible statute. Defendant does not argue that the district court exceeded that which is permitted under *Shepard* but, rather, that the district court should not have considered anything beyond a felony conviction. The district court was not required to ignore that which became known upon review of the *Shepard* documents. In this case the district court reviewed the charging document, the plea agreement, and the judgment order. Those documents made clear that defendant had attempted to commit the distribution of cocaine, a triggering felony drug crime. Defendant's

11

argument that the district court should have only determined whether it was a felony is not supported by the law.

## CONCLUSION

For the foregoing reasons, defendant's sentence should be affirmed.

Respectfully submitted,

CAROL A. CASTO
Acting United States Attorney

By:  s/
MILLER BUSHONG
Assistant United States Attorney

12

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), because this brief contains 2,498 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because the brief has been prepared in a proportional typeface using Microsoft Word 2010 in 14-point Goudy Old Style.

s/
MILLER BUSHONG
Assistant United States Attorney
Attorney for the United States

Date:  January 13, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2016, I electronically filed the foregoing "BRIEF OF APPELLEE THE UNITED STATES OF AMERICA" with the Clerk of court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Rachel E. Zimarowski
Assistant Federal Public Defender
Federal Public Defender's Office
300 Virginia Street East
Room 3400
Charleston, WV 25301

Jonathan D. Byrne
Research & Writing Specialist
Federal Public Defender's Office
300 Virginia Street East
Room 3400
Charleston, WV 25301

                                                s/
                                                MILLER BUSHONG
                                                Assistant United States Attorney
                                                Attorney for the United States